T.C. Summary Opinion 2006-72

UNITED STATES TAX COURT

CLENZO AND LUELLA KNOX, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19965-02S.              Filed May 2, 2006.

Clenzo Knox, pro se.

Susan S. Canavello, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,055 in petitioners' 2000 Federal income tax.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

The sole issue for decision is whether a lump-sum payment to Clenzo Knox (petitioner) during 2000 in the amount of $9,525 from an "eligible State deferred compensation plan" under section 457 constitutes gross income.[2]

Some of the facts were stipulated and are so found. The stipulation and annexed exhibits are so found and are incorporated herein by reference. At the time the petition was filed, petitioners were legal residents of Harvey, Louisiana.

For 29 years, petitioner was employed as a transit supervisor for Regional Transit Authority, a bus line in New Orleans, Louisiana. Petitioner's employer was an agency of the State of Louisiana, and his employer maintained a deferred compensation plan that was qualified under section 457. Sometime between 1988 and 1990, petitioner commenced making contributions to the plan. His contributions were deducted from his wages. Petitioner's contributions, as well as those of the other plan participants, were remitted to a plan administrator, PEBSCO.

Petitioner retired from his employment during 2000. For reasons not addressed at trial, petitioner did not elect to receive retirement benefits under the section 457 plan. Instead,

---

[2]On line 16a of their Federal income tax return for 2000, petitioners reported total pensions and annuities income of $4,772. The parties did not describe the nature of this pension income at trial. The Court assumes that it is unrelated to the $9,525 at issue.

petitioner elected to withdraw the entire amount held by PEBSCO on his behalf. Accordingly, the plan administrator paid petitioner $9,525 during 2000. Petitioners did not include any portion of that distribution as income on their 2000 tax return. In the notice of deficiency, respondent determined that the entire $9,525 constituted taxable gross income.

Employees of State and local governments, as well as employees of certain tax-exempt organizations, may defer a portion of their salaries to retirement years under what is referred to as a section 457 plan. Under such plans, a participating employee does not currently pay income tax on that portion of his salary contributed to the plan, nor are the earnings of the plan taxable. Upon retirement, however, the distributions constitute gross income to the participant. The parties agree with this basic premise.[3]

Petitioners' position, however, is that, for the years 1988 through 1996, they prepared their own income tax returns, and, on each of those returns, they included as income the gross amount of petitioner's wages without a reduction for the contributions made to the section 457 plan. Following the year 1996, petitioners engaged the services of a professional tax return

---

[3]In certain situations, the burden of proof is on respondent under sec. 7491(a). This case is decided without regard to the burden because, as reflected in the ensuing discussion, the facts are not in dispute, and the issue is essentially legal in nature.

preparer, and the preparer correctly omitted from income the deferred portions of petitioner's section 457 contributions. Petitioners never filed amended returns for the prior years to obtain refunds of the taxes paid on the deferred portions of petitioner's salary. At trial, petitioners did not offer copies of their income tax returns for these years. For the year at issue, 2000, petitioners contend that the income taxes they paid in prior years on income that was tax deferred should be attributed to the deficiency at issue, the $9,525 distribution they received from PEBSCO during the year 2000.

The Court rejects that argument. To begin with, petitioners did not establish the amount of taxes they paid in the prior years on the income that was tax deferred. Petitioners did not offer copies of their tax returns from which the tax on the deferred income might possibly be calculated. Petitioners failed to file amended tax returns for these prior years to obtain refunds of the taxes paid on the deferred income. Finally, even if petitioners were to file amended returns at this time for those prior years, it is most likely they could not recover credits or refunds because, under section 6511, there is a limitations period that is generally 3 years from the date the return was filed or 2 years from the date the tax was paid. No evidence was presented to the Court to show that the periods of limitation were ever extended for any of the years for which

petitioners paid taxes on the deferred income.  The Court, therefore, sustains respondent.[4]

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

---

[4]Petitioners received Social Security benefits during the year 2000.  Adjustments were made in the notice of deficiency with respect to the taxable amount of those benefits.  The adjustment to this item is computational based on our conclusion with respect to the disputed issue.